**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

JOSEPH A. DANIELS,

Plaintiff,

v. Civil Action No. 3:11CV461

PAUL E. CALDWELL,

Defendant.

**MEMORANDUM OPINION**

Joseph A. Daniels, a Virginia prisoner proceeding pro se and in forma pauperis, filed this 42 U.S.C. § 1983[1] complaint. The matter is before the Court on Caldwell's Motion to Dismiss (Docket No. 19) and Daniels's "MOTION FOR RECONSIDERATION FOR THE APPOINTMENT OF COUNSEL" (Docket No. 32). For the reasons set forth below, Caldwell's Motion to Dismiss will be granted in part and denied in part and the "MOTION FOR RECONSIDERATION FOR THE APPOINTMENT OF COUNSEL" will be denied.

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

## I. STANDARD FOR A MOTION TO DISMISS

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355

U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," id. at 570, rather than merely "conceivable," id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243

(4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. DANIELS'S COMPLAINT

In September of 2009, Daniels was detained in the Henrico County Jail ("the Jail"). (Compl. 3.)[2] The sum of Daniels's allegations is as follows:

> On the date of September 1, 2009, at Saint Mary's Hospital in Richmond Virginia, an operation was performed on me by Dr. Paul E. Caldwell in order to repair my left arm bicep muscle and rotary [sic] cuff. When healed and exercising to restore mobility of my arm, I noticed that my left shoulder anterior deltoid muscle was removed unnecessarily. When bringing this claim to Dr. Caldwell, his response was that my circumstances was [sic] better than before.
>
> For Doctor Caldwell to make such a statement showed deliberate indifference and the intentional denial of adequate medical care. The above actions are a violation to my Eighth Amendment right, to be free of cruel and unusual punishment.
>
> To date, I am without total use of mobility with my left arm and continue to suffer pain as a result of not being given the therapy need[ed].

(Id. at 4 (punctuation corrected).) Daniels demands monetary damages and injunctive relief. (Id. at 5.)

## III. CALDWELL'S ARGUMENTS FOR DISMISSAL

Caldwell argues that Daniels's claims should be dismissed because: (1) Daniels's claim for injunctive relief is moot;

[2] Because the Complaint is not paginated, the Court employs the page numbers assigned to the Complaint by the Court's CM/ECF docketing system.

(2) Daniels failed to exhaust his administrative remedies; (3) Daniels fails to state a claim upon which relief can be granted; and, (4) Caldwell is entitled to qualified immunity. For the reasons set forth below, the Court grants the Motion to Dismiss with respect to the first argument, but otherwise denies the Motion to Dismiss.

**A. Mootness**

Daniels's claim against Caldwell for inadequate medical care arose during Daniels's incarceration in the Jail. Daniels, however, acknowledges that he has been "transferred from Henrico County Jail into the Department of Corrections." (Id. at 3.) "[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009) (citing Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007); Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991); Taylor v. Rogers, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986)). Daniels fails to allege facts that suggest that his claim for injunctive relief with respect to Caldwell remains viable. Accordingly, Daniels's request for injunctive relief will be dismissed as moot.

**B. Failure To Exhaust Administrative Remedies**

The pertinent statute provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Generally, in order to satisfy the exhaustion requirement, the inmate must file a grievance raising the claim and pursue the grievance through all available levels of appeal. See Woodford v. Ngo, 548 U.S. 81, 90 (2006).

Because the exhaustion of administrative remedies is an affirmative defense, Caldwell bears the burden of demonstrating lack of exhaustion. Jones v. Bock, 549 U.S. 199, 216 (2007). Although it is possible to raise the defense in a motion to dismiss, the United States Court of Appeals for the Fourth Circuit has cautioned that "it seems unlikely that the failure to exhaust administrative remedies will often be apparent from the face of a complaint . . . ." Anderson v. XYZ Corr. Health Serv., Inc., 407 F.3d 674, 682 (4th Cir. 2005); see Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) (quoting Freeman v. Watkins, 479 F.3d 1257, 1260 (10th Cir. 2007), for the proposition that "'only in rare cases will a district court be able to conclude from the face of the complaint that a prisoner

has not exhausted his administrative remedies and that he is without a valid excuse'").

Caldwell argues that Daniels's lack of exhaustion appears on the face of the Complaint. Specifically, Daniels acknowledges that the Jail had a grievance procedure and that he did not file a grievance based on his complaint. (Compl. 3.)[3] Contrary to Caldwell's assertion, this is not one of the "'rare cases'" where the inmate's failure to comply with § 1997e(a) can be assessed from the face of the Complaint. Moore, 517 F.3d at 725 (quoting Freeman, 479 F.3d at 1260).

Without information about the requirements of the Jail grievance procedure, the Court cannot ascertain whether Daniels's complaint about medical care conducted outside of the Jail was grieveable. See Anderson, 407 F.3d at 682 n.5 ("To determine whether an inmate has exhausted his administrative remedies requires an understanding of the remedies available and thus likely would require information from the defendant as well as the inmate." (citing Mojias v. Johnson, 351 F.3d 606, 610-11 (2d Cir. 2003); Snider v. Melindez, 199 F.3d 108, 113-14 (2d Cir. 1999))). The Court requires such information because "a court considering dismissal of a prisoner's complaint for non-

[3] Daniels explains that he did not utilize the Jail grievance procedure because he was transferred to the Virginia Department of Corrections. (Compl. 3.)

exhaustion must first establish from a legally sufficient source that an administrative remedy is applicable and that the particular complaint does not fall within an exception." Mojias, 351 F.3d at 610 (citing Snider, 199 F.3d at 114). Moreover, without more information about the Jail grievance procedure and the timing of Daniels's transfer, the Court cannot assess whether Daniels's transfer excuses any failure by Daniels to utilize the Jail grievance procedure.[4] Accordingly, the Motion to Dismiss the Complaint for the lack of exhaustion will be denied.

**C. Failure To State A Claim**

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. See Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 658 (4th

[4] Caldwell cites to Custer v. WV N. Reg'l Jail, No. 2:08cv54, 2009 WL 1390817, at *6 (N.D. W. Va. May 15, 2009), for the proposition that an inmate's transfer does not relieve the inmate of the obligation to exhaust his or her administrative remedies. In that case, unlike here, the court decided the exhaustion defense on a motion for summary judgment and had the benefit of a record that contained the requirements of grievance procedures for the pertinent jail. Id. at *5.

Cir. 1998).[5] To state a claim for the denial of adequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).[6] "A medical need is 'serious' if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention' or if denial of or a delay in treatment causes the inmate 'to suffer a life-long handicap or permanent

---

[5] Caldwell argues that the Complaint fails to set forth facts indicating that he was acting "'under color of state law'" because he provided services to Daniels at a private hospital. (Mem. Supp. Motion Dismiss 8.) Caldwell cites no authority for this proposition and has not made any effort to distinguish controlling, contrary authority. Conner v. Donnelly, 42 F.3d 220, 226 (4th Cir. 1994) (concluding physician "acted under color of state law because he assumed the state's constitutional obligation to provide medical care to [the inmate]; it is irrelevant for the 'under color of state law' inquiry that [the doctor] provide his medical services in his office instead of the prison hospital").

[6] Constitutional claims pertaining to the denial of adequate medical care by pretrial detainees are governed by the Due Process Clause of the Fourteenth Amendment, while the same claims by convicted felons fall under the Eighth Amendment prohibition against cruel and unusual punishment. Although it is not clear whether Caldwell was a pretrial detainee or a convicted felon at the time of the incidents alleged in the Complaint, the standard for stating a constitutional violation for denial of adequate medical care remains the same. See Hill v. Nicodemus, 979 F.2d 987, 991-92 (4th Cir. 1992). Thus, in this instance and considering Daniels's pro se status, any failure by Daniels to identify the correct constitutional provision does not support a basis for dismissing the Complaint. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

loss.'" Coppage v. Mann, 906 F. Supp. 1025, 1037 (E.D. Va. 1995) (quoting Monmouth Cnty. Corr. Inst'l Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987); Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)). Caldwell does not dispute that Daniels had a serious medical need. (Mem. Supp. Mot. Dismiss 10.)

"Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) (citing Estelle, 429 U.S. at 105-06). Deliberate indifference requires the plaintiff to allege facts that suggest that a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). Furthermore, absent exceptional circumstances, an inmate's disagreement with medical personnel with respect to a course of treatment is insufficient to state a cognizable constitutional claim, much less demonstrate deliberate indifference. See Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (citing Gittlemacker v. Prasse, 428 F.2d 1, 6 (3d Cir. 1970)).

Caldwell argues that Daniels's allegations fail to support a claim of deliberate indifference. Caldwell contends that the Complaint reflects "that Plaintiff was treated by Defendant Caldwell, on at least one occasion, and any dispute over his treatment rises to nothing more than a disagreement between an

inmate and a physician over the inmate's proper medical care, which does not state a § 1983 claim unless exceptional circumstances exist." (Mem. Supp. Mot. Dismiss 11.) The fact that Caldwell provided Daniels with some medical care does not by itself extinguish Daniels's constitutional claims based on inadequate medical care. See Hunt v Upoff, 199 F.3d 1220, 1224 (10th Cir. 1999). Moreover, although they may ultimately prove to be untrue, the allegations of the Complaint show that suggest Daniels's claim is more than just a disagreement between an inmate and a physician about proper medical care. Specially, the Complaint alleges the unnecessary removal of the anterior deltoid muscle and a statement by the surgeon that does not explain the removal and, indeed, offers a quite inadequate, rather callous explanation for having removed the anterior deltoid muscle when repairing a different body part. Taken together, these allegations support Daniels's assertion that removal of the anterior deltoid muscle was not necessary, and evinced a deliberate indifference to a known, admittedly serious medical need. See Estelle, 429 U.S. at 104 n.10 (quoting Williams v. Vincent, 508 F.2d 541, 544 (2d Cir. 1974), for the proposition that a "doctor's choosing the 'easier and less efficacious treatment' of throwing away the prisoner's ear and stitching the stump may be attributable to 'deliberate

indifference . . . rather than an exercise of professional judgment'" (omission in original)). Accordingly, Caldwell's Motion to Dismiss the Complaint for failure to state a claim will be denied.

**D. Qualified Immunity**

"When qualified immunity is asserted, the reviewing court should usually first ask whether the right was violated on the facts alleged, and then determine whether that right was 'clearly established.'" LeSueur-Richmond Slate Corp. v Fehrer, 666 F.3d 261, 264 (4th Cir. 2012) (citing Smith v. Smith, 589 F.3d 736, 739 (4th Cir. 2009)); see Pearson v. Callahan, 555 U.S. 223, 236 (2009) ("[W]e conclude that, while the sequence set forth [in Saucier v. Katz, 553 U.S. 194 (2001)] is often appropriate, it should no longer be regarded as mandatory." (first alteration in original)). Caldwell's assertion of qualified immunity is limited to a recitation of the general jurisprudence governing qualified immunity. As noted above, Daniels has adequately alleged a violation of his constitutional right to adequate medical care. Furthermore, in light of the authority cited above, Caldwell fails to demonstrate that the right was not clearly established. See Allen v. City of Fredericksburg, No. 3:09CV63, 2011 WL 782039, at *11 n.5 (E.D. Va. Feb. 22, 2011) (discussing the methodology for briefing the

defense of qualified immunity). Accordingly, Daniels's Motion to Dismiss based upon qualified immunity will be denied.

## IV. CONCLUSION

The Motion to Dismiss (Docket No. 19) will be granted in part and denied in part. Daniels's claim for injunctive relief will be dismissed as moot.

Daniels has moved for reconsideration of the order denying his motion for appointment of counsel. Counsel need not be appointed in § 1983 cases unless the case presents complex issues or exceptional circumstances. See Fowler v. Lee, 18 F. App'x 164, 166 (4th Cir. 2001) (citations omitted). At this juncture, this action presents no complex issues or exceptional circumstances. Accordingly, Daniel's "MOTION FOR RECONSIDERATION FOR THE APPOINTMENT OF COUNSEL" (Docket No. 32) will be denied.

Any party wishing to file a dispositive motion, must do so within sixty (60) days of the date of entry hereof.

The Clerk is directed to send a copy of the Memorandum Opinion to Daniels and counsel of record.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: January 4, 2013
Richmond, Virginia