IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOSEPH A. DANIELS,

    Plaintiff,

v.                                    Civil Action No. 3:11CV461

PAUL E. CALDWELL,

    Defendant.

## MEMORANDUM OPINION

Joseph A. Daniels, a Virginia prisoner filed this action. By Memorandum Opinion and Order entered on December 18, 2013, the Court granted Defendant Paul E. Caldwell's Motion for Summary Judgment and dismissed the action as factually frivolous. See Daniels v. Caldwell, No. 3:11CV461, 2013 WL 6713129, at *4 (E.D. Va. Dec. 18, 2013).[1]

---

[1] The Court explained that:

> Daniels's claim of deliberate indifference is predicated upon the allegation that Dr. Caldwell unnecessarily removed Daniel's deltoid muscle and failed to provide Daniels with physical therapy following Daniel's surgery. . . . Such a claim is factually frivolous. The evidence reflects that Dr. Caldwell did not remove Daniel's deltoid muscle and provided Daniels with physical therapy following his surgery. Indeed, Daniels bears sole responsibility for the termination of his physical therapy. Because the evidence reflects that Dr. Caldwell provided reasonable medical care, rather than acting with deliberate indifference, the Motion for Summary Judgment will be granted. Daniels's claim will be dismissed.

Daniels, 2013 WL 6713129, at *3.

The matter is before the Court on Daniels's AFFIDAVIT TO VACATE JUDGMENT ON GROUND OF DUE PROCESS VIOLATION, wherein he seeks relief under Federal Rule of Civil Procedure 60(b)(1), 60(b)(4) and Rule 60(b)(6).[2]

A party seeking relief under Federal Rule of Civil Procedure 60(b) must make a threshold showing of "'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (quoting Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." Id. (citing Werner, 731 F.2d at 207).

Daniels's requests for Rule 60(b) relief are untimely. "A motion under Rule 60(b) must be made within a reasonable time- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Daniels request for relief under Rule 60(b)(1) had to be file by December 18, 2014 and it was not.

---

[2] Daniels also filed an "INDEPENDENT ACTION" seeking to challenge the dismissal of this present action. By Memorandum Opinion and Final Order entered on November 16, 2015, the Court dismissed that action as legally and factually frivolous. Daniels v. Caldwell, No. 3:14CV856, 2015 WL 7283121, at *2 (E.D. Va. Nov. 16, 2015).

Daniels request for relief under Rule 60(b)(4) and 60(b)(6) had to be filed within a reasonable time after the entry of the December 18, 2013 Memorandum Opinion and Order. Daniels requests for relief under Rule 60(b)(4) and 60(b)(6), filed three (3) years after the entry of the challenged judgment, were not filed in a reasonable time. See McLawhorn v. John W. Daniel & Co., Inc., 924 F.2d 535, 538 (4th Cir. 1991) ("We have held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." (citing Cent. Operating Co. v. Utility Workers of Am., 491 F.2d 245 (4th Cir. 1974); Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp., 383 F.2d 249 (4th Cir. 1967))). Furthermore, Daniels's demand to have the judgment set aside is nonsensical. Daniels insists the he stated a valid claim and the Court should not have granted Defendant Caldwell's motion to dismiss. The action was dismissed on Defendant's Caldwell Motion for Summary Judgment because Daniels failed to advance any evidence to support his claim. Accordingly, the Rule 60(b) Motion (ECF No. 122) will denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Daniels and counsel of record.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: May 4, 2017
Richmond, Virginia